2017 ND 22

**Wayne A. NUSVIKEN and Janel C. Nusviken, Plaintiffs and Appellees**

v.

**DeWayne Alan JOHNSTON, individually, and DeWayne Alan Johnston, as registered agent of Johnston Law Office, P.C., a/k/a Johnston Law Office, Defendants and Appellants**

No. 20160233

Supreme Court of North Dakota.

Filed 2/16/2017

Theodore T. Sandberg, P.O. Box 5788, Grand Forks, N.D. 58206–5788, for plaintiffs and appellees.

DeWayne A. Johnston, 221 South Fourth Street, Grand Forks, N.D. 58201, for defendants and appellants.

McEvers, Justice.

[¶ 1] DeWayne Johnston, individually, and as registered agent of Johnston Law Office, P.C., appeals from a judgment invalidating a notice of attorney lien recorded against Johnston's former client and ordering Johnston Law Office and Johnston, individually, to pay $1,330 in costs and attorney fees. We modify the judgment to relieve Johnston of personal liability and affirm the judgment as modified.

I

[¶ 2] Wayne and Janel Nusviken acquired real property from Johnston's former client Barbara McDermott on October 2, 2013. On October 8, 2013, Johnston recorded a "notice of attorney lien" against McDermott. The notice of attorney lien included the legal description of Nusviken's property and stated McDermott owed Johnston nearly $66,000 in attorney's fees relating to Johnston's representation of McDermott in earlier matters unrelated to the sale of the property.

[¶ 3] The Nusvikens petitioned the district court to invalidate the notice of attorney lien, arguing McDermott no longer owned any interest in the property. The court issued an order to show cause directing Johnston to appear and show why the notice of attorney lien should not be declared void. At the hearing, Johnston argued the notice of attorney lien was not a nonconsensual common-law lien but a valid attorney's lien under N.D.C.C. § 35–20–08, and therefore, the court did not have jurisdiction to invalidate the lien. In response Nusviken's attorney stated the notice of attorney lien was invalid because McDermott no longer had an interest in the property and no attorney-client relation-

ship existed between Johnston and the Nusvikens. The court concluded the purported lien was a nonconsensual common-law lien and not a valid attorney's lien because it failed to satisfy the statutory requirements for an attorney's lien under N.D.C.C. § 35–20–08. The court invalidated the lien and ordered the Johnston Law Office and Johnston, individually, to pay the Nusvikens $1,330 in costs and attorney's fees.

## II

[¶ 4] Johnston argues the district court lacked jurisdiction to invalidate the lien as a nonconsensual common-law lien because Johnston had a valid statutory attorney's lien.

[¶ 5] This case involves interpretation and application of lien statutes. Issues involving the interpretation and application of statutes are questions of law fully reviewable on appeal. In re Estate of Haugen, 2011 ND 28, ¶ 6, 794 N.W.2d 448.

[¶ 6] An attorney's lien is governed by N.D.C.C. § 35–20–08:

An attorney has a lien for a general balance of compensation in and for each case upon:

1. Money in the attorney's hands belonging to the attorney's client in the case.

2. Money due the attorney's client in the hands of the adverse party, or attorney of such party, in an action or proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to the adverse party, or the attorney of such party if the money is in the possession or under the control of such attorney, which notice must state the amount claimed and in general terms for what services. After judgment in any court of

record, the notice may be given and the lien made effective against the judgment debtor by entering the same in the judgment docket opposite the entry of the judgment.

[¶ 7] "[U]nder an attorney's lien, the attorney is 'the equitable assignee of the money due from the [judgment] debtor to the [judgment] creditor.'" Jacobsen v. Miller, 50 N.D. 828, 835, 198 N.W. 349, 352 (1924) (quoting Clark v. Sullivan, 3 N.D. 280, 284, 55 N.W. 733, 734 (1893)). Section 35–20–08, N.D.C.C., is very similar to the attorney's lien statute discussed in Jacobsen, 50 N.D. at 831, 198 N.W. at 350 (discussing C.L. 1913, § 6875).

[¶ 8] Nonconsensual common-law liens are defined in N.D.C.C. § 35–35–01(2):

"Nonconsensual common-law lien" means a document that purports to assert a lien against real or personal property of any person and:

a. Is not expressly provided for by a specific state or federal statute;

b. Does not depend upon the consent of the owner of the property affected; and

c. Is not an equitable or constructive lien imposed by a state or federal court of competent jurisdiction.

Under N.D.C.C. § 35–35–05(1), any person subject to a nonconsensual common-law lien may petition the district court to invalidate the lien.

[¶ 9] The district court addressed Johnston's arguments and concluded Johnston's notice of attorney lien failed to satisfy N.D.C.C. § 35–20–08:

Johnston's primary assertion is that the Court lacks jurisdiction. Johnston argues that the attorney lien is not a non-consensual common law lien but instead is a lien established by statute. As noted above, a non-consensual common law lien does not include liens expressly

provided for by a specific state or federal statute. See, N.D.C.C. § 35–35–01(2)(a). Chapter 35–35 is limited to relief from non-consensual common law liens.

Although the lien filed by Johnston purports to be an "attorney's lien," it fails to satisfy the statutory requirements for an attorney lien. . . .

Johnston's purported attorney lien fails to satisfy either subsection 1 or subsection 2 of § 35–20–08. Subsection 1 only applies to money which would have been in Johnston's hands and belonging to Johnston's former client McDermott. Subsection 2 only applies to money which would have been held by an attorney for an adverse party or an adverse party in the litigation in which Johnston provided services to McDermott. Contrary to Johnston's assertion, Johnston cannot have an attorney's lien as claimed because [the notice of attorney lien] does not satisfy the statutory requirements of an attorney lien.

Having concluded that [the notice of attorney lien] is not a statutory attorney lien, the question becomes whether the "notice of attorney lien" is a non-consensual common law lien. The definition of a non-consensual common law lien is by exclusion; all liens not excluded are non-consensual common law liens. Because the document filed by Johnston is not excluded from the definition, it is a non-consensual common law lien. Therefore, application of Chapter 35–35 is appropriate.

Having concluded that Chapter 35–35 applies, the Court further finds and concludes that Johnston has failed to provide good cause as to why the purported lien reflected in [the notice of attorney lien] should not be determined to be invalid. As such, the lien will be invalidated.

[¶ 10] We agree with the district court's analysis. The notice of attorney lien recorded by Johnston against McDermott referenced two cases in which Johnston represented McDermott. Johnston did not submit any evidence indicating a judgment was awarded in favor of McDermott or that she was due any money in those cases. McDermott no longer had an interest in the real property when Johnston recorded the notice of attorney lien, nor did Johnston represent McDermott in the land sale to the Nusvikens. Johnston appears to argue it had a valid attorney's lien simply because the document is titled "notice of attorney's lien." As the district court noted, however, the document on its face failed to meet the requirements of N.D.C.C. § 35–20–08. The district court did not err by invalidating Johnston's "notice of attorney lien."

[¶ 11] Johnston argues the district court lacked jurisdiction because under N.D.C.C. § 35–35–05(1) only those who have property subject to nonconsensual common-law lien may petition the court to invalidate the lien. Johnston also argues that before entering the order to show cause the court was required to make a finding that the Nusvikens were subject to a nonconsensual common-law lien.

[¶ 12] Nothing in N.D.C.C. ch. 35–35 requires a district court to make a finding regarding the lien before issuing an order to show cause. The court correctly interpreted and applied N.D.C.C. §§ 35–20–08 and 35–35–01 in concluding the Nusvikens were subject to a nonconsensual common-law lien. The district court had jurisdiction to invalidate the lien under N.D.C.C. § 35–35–05. See N.D.C.C. § 27–05–06(3) (district courts have "[a]ll the powers, according to the usages of courts of law and equity, necessary to the full and complete jurisdiction of the causes and parties and

the full and complete administration of justice").

## III

[¶ 13] Johnston argues the district court erred in ordering judgment against Johnston individually. He argues Johnston Law Office is the notice of attorney lien claimant and the judgment awarding the Nusvikens costs and attorney's fees cannot be entered against him individually. We agree.

[¶ 14] The Nusvikens petitioned the district court under N.D.C.C. § 35–35–05 to invalidate the notice of attorney lien. The petition named both Johnston individually and Johnston Law Office. Section 35–35–05(1), N.D.C.C., allows a party subject to a nonconsensual common-law lien to proceed against the lien claimant. The notice of attorney lien recorded by Johnston plainly states the lien claimant is Johnston Law Office.

[¶ 15] The Nusvikens cite <u>Estate of Amundson</u>, 2015 ND 253, 870 N.W.2d 208 to support their argument that Johnston may be personally liable under the judgment. In <u>Amundson</u>, at ¶ 23, we held "lawyers practicing in a professional corporation still owe duties to clients and remain personally liable to them for acts of improper or unethical behavior that are related to the rendering of the professional legal service." <u>Amundson</u> involved an attorney's acts toward his client relating to the administration of an estate. <u>Id.</u> at ¶ 3. Although the attorney operated as a professional corporation, we held he was per-

sonally liable for charging the client an unreasonable fee. <u>Id.</u> at ¶¶ 23–25.

[¶ 16] Here, there was no attorney-client relationship between Johnston and the Nusvikens. We decline to extend <u>Amundson</u> to an attorney's improper or unethical actions toward parties who are not clients. We therefore modify the judgment to relieve DeWayne Johnston of personal liability.

## IV

[¶ 17] We have considered Johnston's remaining arguments and conclude they are either unnecessary to our decision or without merit. The judgment is affirmed as modified.

[¶ 18] Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom, S.J.

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

[¶ 19] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.