Crothers, Justice.
 

 [¶ 1] Johnston Land Company, LLC, appeals from an order denying its petition to invalidate an alleged lien filed by attorney Sara K. Sorenson in the form of an affidavit regarding property in Grand Forks County. Johnston argues the district court erred in holding the affidavit was not a nonconsensual common-law lien and in not granting his petition to invalidate the lien. We affirm the order as to the affidavit's nature, reverse as to remaining issues and remand for additional proceedings.
 

 I
 

 [¶ 2] A dispute over excessive attorney fees led to the present case. John E. Widdel, Jr., represented the trustees of the Donald G. Amundson Trust.
 
 Estate of Amundson
 
 ,
 
 2015 ND 253
 
 , ¶¶ 2-3,
 
 870 N.W.2d 208
 
 . In 2013 beneficiaries of the estate petitioned for court determination of attorney fees.
 

 Id.
 

 The district court ordered Widdel to refund $95,000.00 in attorney fees.
 
 Id.
 
 at ¶ 4. We affirmed the district court's determination.
 
 Id.
 
 at ¶ 27.
 

 [¶ 3] During litigation over the fees, Widdel's family's limited liability partnership, Bell Fire LLP, transferred property to a revocable living trust in the name of his wife. In a deposition related to the debt Widdel testified he has essentially no assets, lived rent-free in an apartment owned by the Widdel trust, and drove a car owned by his wife. The Widdel trust currently seeks to sell the property at issue to Johnston, which has offices on the property. Beneficiaries of the Amundson trust filed suit in 2017 regarding other allegedly fraudulent transfers by Widdel to avoid paying the judgment.
 

 [¶ 4] Ohnstad Twichell, P.C., and Sorenson represented the beneficiaries of Amundson's estate. On March 16, 2015 Sorenson recorded an affidavit in Grand Forks County:
 

 "Sara K. Sorenson, being duly sworn, deposes and states as follows:
 

 "I am an attorney with the law firm of Ohnstad Twichell, P.C., who represents petitioners Andrea Rebman Green, Carolyn Rebman, Charlene Leibold, Colin Leibold, Eric Rebman, Glen Rebman, and Jacob Leibold, in the estate entitled 'In the Matter of the Estate of Donald G. Amundson, Deceased.' Petitioners
 
 *666
 
 have obtained a Judgment against John E. Widdel Jr., a/k/a/ J.E. Widdel, a/k/a/ Jack Widdel, and Law Offices-North Dakota, P.C., jointly and severally, in the amount of $95,000, a true and correct copy of which Judgment is attached hereto as Exhibit 'A.'
 

 "On March 10, 2015, the undersigned deposed John E. Widdel Jr., a/k/a/ J.E. Widdel, a/k/a/ Jack Widdel, in an effort to obtain information about the nature and extent of assets held by him. At the deposition, the undersigned discovered that John E. Widdel Jr., a/k/a/ J.E. Widdel, a/k/a/ Jack Widdel, previously had an interest in the real property described herein, which real property may be pursued to satisfy the attached Judgment.
 

 "This affidavit is to make it known to the public that the following real property may be subject to future legal proceedings regarding said Judgment:
 

 Lot Eight (8), Block Thirty-three (33), Original Townsite to the City of Grand Forks, according to the Official Plat thereof and on file within the office of the Recorder, Grand Forks County, North Dakota;
 

 ...."
 

 [¶ 5] On August 18, 2017 Johnston filed a "Petition for Ex Parte Order Directing Lien Claimant to Appear and Show Cause." Johnston listed its claims for relief:
 

 "a. For an order commanding Sara K[.] Sorenson and Ohnstad Twitchell [sic], P.C. to appear and show cause why the lien should not be declared void and the relief provided for by section 35-35-06 granted to the petitioner[;]
 

 b. For an order determining that the affidavit of Sara K[.] Sorenson is a nonconsensual common-law lien;
 

 c. A declaratory judgment striking the affidavit of Sara K[.] Sorenson on file in the office of the Grand Forks County Recorder bearing Document Number 751619;
 

 d. For its actual damages;
 

 e. For damages in the amount of $1,000.00 should its actual damages be less than $1,000.00;
 

 f. Attorney's fees, costs and disbursements; and
 

 g. Such other and further relief as the Court may deem appropriate and that relief that is just and equitable within the confines of law."
 

 Johnston also filed an affidavit written by an attorney in Grand Forks, stating Widdel "is not now and was not an equitable owner" of the real property described in Sorenson's affidavit.
 

 [¶ 6] On September 15, 2017 the district court concluded Sorenson's affidavit was not a nonconsensual common-law lien under N.D.C.C. § 35-01-02 because it "does not claim an interest in the subject property; it is merely a statement to the world, akin to a
 
 lis pendens
 
 , that the referenced property
 
 may
 
 be pursued to satisfy the Judgment." The district court did not rule on Johnston's additional issues, writing, "In the instant action, this Court has only been asked to make a determination whether the
 
 Affidavit of Sara K. Sorenson
 
 is a nonconsensual common-law lien, which it has done." (Emphasis in original.) Johnston appeals.
 

 II
 

 [¶ 7] Sorenson argues Johnston does not have a justiciable controversy sufficient to appeal from the district court's order. "There must be an actual and justiciable controversy for a court to exercise its appellate jurisdiction."
 
 Gregory v. N.D. Workers Comp. Bureau
 
 ,
 
 1998 ND 94
 
 , ¶ 22,
 
 578 N.W.2d 101
 
 .
 

 *667
 
 "We do not render advisory opinions, and we will dismiss an appeal if the issues become moot or so academic that no actual controversy is left to be decided. The prohibition of advisory opinions requires an actual controversy before a court can properly adjudicate an issue. An actual controversy does not exist when due to the lapse of time or the occurrence of related events prior to the appellate court's determination, the appellate court is unable to render effective relief. "
 

 State v. Hansen
 
 ,
 
 2006 ND 139
 
 , ¶ 7,
 
 717 N.W.2d 541
 
 (citations omitted).
 

 [¶ 8] Sorenson moved to dismiss Johnston's appeal for lack of a justiciable controversy. Sorenson argues the district court's determination that the affidavit is in the nature of a lis pendens means it does not claim or create any lien or interest in the property. Sorenson relies on
 
 McKenzie Cty. v. Casady
 
 ,
 
 55 N.D. 475
 
 , 484,
 
 214 N.W. 461
 
 , 465 (1927), for the rule that "the notice of lis pendens does not of itself create in the party recording it any lien or interest in the property," and thus does not create a cloud on title. Johnston relies on
 
 State ex rel. Emps. of State Penitentiary v. Jensen
 
 ,
 
 331 N.W.2d 42
 
 , 47 (N.D. 1983), for the proposition that purported liens "effectively inhibit the alienability of [ ] property" and "this unwarranted cloud on the title could result in damages which would be difficult to ascertain and could cause irreparable harm...." Johnston also asserts
 
 Nusviken v. Johnston,
 

 2017 ND 22
 
 , ¶¶ 9-10,
 
 890 N.W.2d 8
 
 , establishes a notice may be a nonconsensual common-law lien.
 

 [¶ 9] Sorenson argues her affidavit has no legal effect or harm after the district court's ruling, and Johnston has no claim without a showing of harm. However, the affidavit remains of record and it will appear in any title search of the property. At this point we can only guess at the legal or practical implications of having the affidavit appear in the chain of title, but its presence means Johnston presents an issue for a court to decide.
 

 III
 

 [¶ 10] Johnston argues Sorenson's affidavit amounts to a nonconsensual common-law lien under N.D.C.C. § 35-35-01. "Issues regarding the interpretation and application of a statute are questions of law and are fully reviewable on appeal."
 
 In re Estate of Samuelson
 
 ,
 
 2008 ND 190
 
 , ¶ 11,
 
 757 N.W.2d 44
 
 . Section 35-01-02, N.D.C.C., defines a lien as "a charge imposed upon specific property by which it is made security for the performance of an act." Alternatively, a lien is "[a] legal right or interest that a creditor has in another's property, lasting usu[ally] until a debt or duty that it secures is satisfied."
 
 Lien
 
 ,
 
 Black's Law Dictionary
 
 (10th ed. 2014).
 

 [¶ 11] Section 35-35-01, N.D.C.C., defines nonconsensual common-law lien:
 

 "[A] document that purports to assert a lien against real or personal property of any person and:
 

 a. Is not expressly provided for by a specific state or federal statute;
 

 b. Does not depend upon the consent of the owner of the property affected; and
 

 c. Is not an equitable or constructive lien imposed by a state or federal court of competent jurisdiction."
 

 [¶ 12] Here, the district court ruled the affidavit "does not claim an interest in the subject property; it is merely a statement to the world, akin to a
 
 lis pendens
 
 , that the referenced property
 
 may
 
 be pursued...." (Emphasis in original.) The affidavit does not claim an interest in the property, does not list an amount of money and does not purport to be a lien. Compared
 
 *668
 
 with the "Notice of Attorney Lien" in
 
 Nusviken
 
 , Sorenson's affidavit does not meet the requirements of a statutory or common-law nonconsensual lien.
 
 Nusviken v. Johnston
 
 ,
 
 2017 ND 22
 
 , ¶ 10,
 
 890 N.W.2d 8
 
 . The district court did not err in determining the affidavit is not a lien.
 

 IV
 

 [¶ 13] Johnston argues the district court erred by not responding to its remaining claims for relief. We agree.
 

 [¶ 14] When Sorenson filed the affidavit in 2015, there was no action affecting title to the property. The affidavit did not name the property owner, Bell Fire LLP. Johnston asked for a declaratory judgment striking the affidavit, an action within the power of the district court under N.D.C.C. ch. 32-23. Johnston requested further relief that may be available under these facts. We remand for the district court to rule on items "c" through "g" in Johnston's petition.
 

 V
 

 [¶ 15] We have considered Johnston's other arguments and determine they are either without merit or unnecessary to our decision. The order is affirmed in part, reversed in part, and remanded for additional proceedings.
 

 [¶ 16] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.