# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 165

Johnston Land Company, LLC,                                    Petitioner and Appellant

v.

Sara K. Sorenson, Individually and
Ohnstad Twichell, P.C., a North Dakota
Professional Corporation,                                    Respondents and Appellees

No. 20180443

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Stacy J. Louser, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

Opinion of the Court by VandeWalle, Chief Justice.

DeWayne A. Johnston (argued) and David C. Thompson (appeared), Grand Forks, ND, for petitioner and appellant.

Stephen R. Hanson II (argued) and Robert G. Hoy (on brief), West Fargo, ND, for respondents and appellees.

**VandeWalle, Chief Justice.**

[¶1]   Johnston Land Company, LLC appealed from a judgment dismissing its claims against attorney Sara Sorenson and the Ohnstad Twichell, P.C., law firm and ordering Johnston to pay their costs and attorney fees in the amount of $27,386.23. We conclude the district court did not err in granting summary judgment dismissing Johnston's claims, but it did err in awarding costs and attorney fees under N.D.C.C. § 35-35-05(5). We affirm in part and reverse in part.

I

[¶2]   The background facts in this case are detailed in *Johnston Land Co., LLC v. Sorenson*, 2018 ND 183, 915 N.W.2d 664 ("*Sorenson I*") and need not be repeated here. To summarize, in March 2015 Sorenson, who represented beneficiaries of an estate, recorded an affidavit in Grand Forks County pertaining to the probate case stating certain property may be subject to future legal proceedings. *Id.* at ¶ 4. In August 2017, Johnston filed a petition claiming Sorenson's affidavit was a nonconsensual common law lien under N.D.C.C. ch. 35-35 and seeking damages. *Sorenson I,* at ¶ 5. In September 2017, shortly before the district court rendered its decision denying the petition in *Sorenson I*, Sorenson filed a notice of lis pendens on the property on behalf of the beneficiaries in another action seeking to levy execution on the property. The district court concluded Sorenson's March 2015 affidavit did not constitute a nonconsensual common law lien, and we affirmed in part. *Id.* at ¶ 12. However, we reversed in part and remanded:

> When Sorenson filed the affidavit in 2015, there was no action affecting title to the property. The affidavit did not name the property owner, Bell Fire LLP. Johnston asked for a declaratory judgment striking the affidavit, an action within the power of the district court under N.D.C.C. ch. 32-23. Johnston requested further relief that may

1

be available under these facts. We remand for the district court to rule on items "c" through "g" in Johnston's petition.

*Id.* at ¶ 14. Those claims for relief were:

> c. A declaratory judgment striking the affidavit of Sara K[.] Sorenson on file in the office of the Grand Forks County Recorder bearing Document Number 751619;
> d. For its actual damages;
> e. For damages in the amount of $1,000.00 should its actual damages be less than $1,000.00;
> f. Attorney's fees, costs and disbursements; and
> g. Such other and further relief as the Court may deem appropriate and that relief that is just and equitable within the confines of law.

*Id.* at ¶ 5.

[¶3] After we remanded the case, Sorenson recorded a second affidavit in Grand Forks County. This affidavit referenced her first affidavit filed in March 2015, the notice of lis pendens filed in September 2017, and stated "[t]he Notice of Lis Pendens supersedes the Affidavit." Sorenson and the law firm then moved for summary judgment dismissing items "c" through "g" in Johnston's petition and, for the first time, requested an award of attorney fees under N.D.C.C. § 35-35-05(5), which allows an award of attorney fees to the "prevailing party" if the court determines a lien is not a nonconsensual common law lien.

[¶4] The district court granted the motion for summary judgment. The court concluded items "c" through "g" were rendered moot by either its previous decision that Sorenson's first affidavit was not a nonconsensual common law lien or Sorenson's filing of the second affidavit and the notice of lis pendens. The court also ruled summary judgment was appropriate because Johnston failed to produce any evidence or legal theory to support recovery under items "c" through "g." Relying on its earlier ruling that Sorenson's first affidavit was not a nonconsensual common law lien, the court also awarded Sorenson and the law firm $27,386.23 for its costs and attorney fees under N.D.C.C. § 35-35-05(5).

2

[¶5]   Johnston argues the district court erred in granting summary judgment dismissing items "c" through "g" of its petition.

[¶6]   The standard of review for summary judgments is well established:

> Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Becker v. Burleigh Cty.*, 2019 ND 68, ¶ 7, 924 N.W.2d 393 (quoting *Dahms v. Nodak Mut. Ins. Co.*, 2018 ND 263, ¶ 6, 920 N.W.2d 293).

[¶7]   Johnston specifically argues that the district court erred in ruling that Sorenson's "self-serving" second affidavit rendered moot its petition for declaratory and injunctive relief based on Sorenson's first affidavit. We have held that a declaratory judgment action can become moot by "the occurrence of events that result in the court's inability to render effective relief." *Gosbee v. Bendish*, 512 N.W.2d 450, 453 (N.D. 1994). We agree with the district court that the filing of the notice of lis pendens and the filing of Sorenson's second affidavit rendered moot Johnston's request in item "c" to "strike" Sorenson's first affidavit. Furthermore, we agree with

the court that "[b]ecause Johnston's singular legal theory in support of its petition to strike the Sorenson affidavit has been rejected [nonconsensual common law lien] and because Johnston has provided no other legal theory for striking the affidavit," summary judgment was appropriate.

[¶8]     To the extent Johnston suggests the district court dismissed items "d" through "g" of its petition on the ground of mootness, this is an oversimplification of the court's ruling.  In *Sorenson I*, we noted that, in addition to a request to strike the affidavit, "Johnston requested further relief that may be available under these facts." 2018 ND 183, ¶ 14, 915 N.W.2d 664.  Regarding claim "d" for "actual damages," the court ruled "Johnston has produced no evidence of any damages" and "has not succeeded on a valid claim entitling it to damages."  Regarding claims "e," "f" and "g," the court said Johnston had provided no authority supporting an award of $1,000 in damages, attorney fees, costs and disbursements, or any other relief.  A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported allegations, but must present competent admissible evidence that raises a genuine issue of material fact in support of their claim.  *See Becker*, 2019 ND 68, ¶ 7, 924 N.W.2d 393.  Nor can a party opposing summary judgment simply rely on an opinion of this Court remanding the case for further proceedings that suggests further relief "may be available." *Sorenson I*, at ¶ 14.  Johnston offered no evidence or viable legal theories to support its remaining claims for relief.

[¶9]     We conclude the district court did not err in granting summary judgment dismissing Johnston's remaining claims against Sorenson and the law firm.

III

[¶10]   Johnston argues the district court erred in awarding Sorenson and the law firm $27,386.23 in costs and attorney fees.

[¶11]   Section 35-35-05(5), N.D.C.C., provides that "[i]f the court determines that the lien is not a nonconsensual common-law lien, the court shall issue an order so stating

4

and may award costs and reasonable attorney's fees to the prevailing party." Johnston argues the award is barred by the mandate rule:

> Generally, the law of the case is defined as the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same. In other words, [t]he law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings, and [a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal *or which would have been resolved had they been properly presented in the first appeal*. The mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to carry the [appellate court's] mandate into effect according to its terms. . . . and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms.

*Viscito v. Christianson*, 2016 ND 139, ¶ 7, 881 N.W.2d 633 (quoting *Carlson v. Workforce Safety & Ins.*, 2012 ND 203, ¶ 16, 821 N.W.2d 760) (emphasis in original).

[¶12] Sorenson and the law firm prevailed on their argument in the prior appeal that the first affidavit was not a nonconsensual common law lien, but they did not request an award of costs and attorney fees under N.D.C.C. § 35-35-05(5) until after we affirmed and remanded the case for the district court to consider Johnston's remaining claims. The request could have been made in conjunction with their successful argument in the district court that the first affidavit was not a nonconsensual common law lien. The request for costs and attorney fees came too late, and the court's award exceeded the scope of our mandate "to rule on items 'c' through 'g' in Johnston's petition." *Sorenson I*, 2018 ND 183, ¶ 14, 915 N.W.2d 664.

[¶13] We conclude the award of costs and attorney fees violated the mandate rule, and we reverse the award.

5

IV

[¶14]   We do not address other arguments raised because they either are unnecessary to the decision or are without merit.  We affirm the judgment dismissing Johnston's petition, but we reverse the award of costs and attorney fees.

[¶15]   Gerald W. VandeWalle, C.J.
   Jerod E. Tufte
   Daniel J. Crothers
   Lisa Fair McEvers
   Jon J. Jensen