20200122
FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
NOVEMBER 19, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2020 ND 234

Montana-Dakota Utilities Co., a Division of
MDU Resources Group, Inc., n/k/a Montana-
Dakota Utilities Co., a Subsidiary of MDU
Resources Group, Inc.,

Plaintiff and Appellee

v.

Lavern Behm,

Defendant and Appellant

No. 20200122

Appeal from the District Court of Ward County, North Central Judicial
District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Zachary R. Eiken, Bismarck, N.D., for plaintiff and appellee.

Lynn M. Boughey, Mandan, N.D., for defendant and appellant.

# MDU v. Behm
## No. 20200122

**Tufte, Justice.**

[¶1] Lavern Behm appeals from a judgment ordering Montana-Dakota Utilities Co. ("MDU") to pay him $17,443 in attorney's fees and costs incurred in an eminent domain action. Behm argues his constitutional rights were violated in the eminent domain action and the district court erred by failing to award him some of the attorney's fees he requested. We affirm.

I

[¶2] MDU brought an eminent domain action under N.D.C.C. ch. 32-15 to acquire an easement across Behm's property for a 3,000-foot natural gas pipeline to service a Burlington Northern Santa Fe railroad switch. The district court bifurcated the proceedings between necessity of the taking and damages. Following a bench trial, the district court concluded that the "proposed pipeline is . . . a use authorized by Section 32-15-02, NDCC," but that a taking of Behm's property was not necessary for the public use under N.D.C.C. § 32-15-05.

[¶3] MDU appealed, and this Court reversed the district court's decision that the proposed taking was not necessary for public use. *Montana-Dakota Utils. Co. v. Behm*, 2019 ND 139, ¶ 1, 927 N.W.2d 865. We remanded "for trial on eminent domain damages to be awarded to Behm." *Id.* at ¶ 19.

[¶4] Behm petitioned the United States Supreme Court for a writ of certiorari asserting various constitutional violations related to the eminent domain action. His petition was denied. *Behm v. Montana-Dakota Utils. Co.*, 140 S. Ct. 521 (2019).

[¶5] On remand, Behm submitted proposed jury instructions and requested the court allow the jury to determine in an advisory capacity whether the taking was necessary and for a public use. The district court denied Behm's request for the jury instructions, ruling the issue of damages was the only issue left to be decided.

[¶6]   The parties stipulated to the valuation of the easement, and the district court adopted the stipulation. Behm moved for attorney's fees and costs in the amount of $49,561.78, including the fees incurred for the petition for writ of certiorari to the United States Supreme Court. MDU objected to the requested fees. The district court ordered MDU to pay Behm $17,443 in fees and costs.

## II

[¶7]   Behm makes various arguments about the constitutionality of the eminent domain proceedings. He claims it is a violation of due process and the takings clause for the State to allow a private corporation to take property through eminent domain, for the State to disregard a finding that the taking is not necessary and allow the corporation to take the property on the corporation's finding the taking is necessary, and for the State to disregard findings of no public use and allow the corporation to take the property on its determination of a public use. He contends it is a violation of due process, the takings clause, and the right to a jury to allow a taking without a jury determination that the taking is for a public use and that the taking is necessary.

[¶8]   The law of the case doctrine and the mandate rule apply to Behm's arguments. This Court has explained:

> Generally, the law of the case is defined as the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same. In other words, [t]he law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings, and [a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal or *which would have been resolved had they been properly presented in the first appeal*. The mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to carry the appellate court's mandate into effect

2

according to its terms. . . . and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms.

*Dale Expl., LLC v. Hiepler*, 2020 ND 140, ¶ 13, 945 N.W.2d 306 (quoting *Johnston Land Co., LLC v. Sorenson*, 2019 ND 165, ¶ 11, 930 N.W.2d 90).

[¶9] Behm submitted proposed jury instructions to the district court, requesting the court allow a jury to sit in an advisory capacity and determine whether the taking of his property was necessary and for a public use. He explained that allowing those issues to be presented to the jury would allow a complete record on appeal for the purpose of attempting to change state law. The district court denied Behm's request for the proposed jury instructions. The court explained that the issue of the necessity of the taking and whether the taking was for a public use were previously tried and appealed and that the decision was reversed on appeal and the case was remanded for a trial on damages. The court concluded it must adhere to the mandate rule on remand, this Court's mandate was clear, and the only matter left for determination was the issue of eminent domain damages to be awarded to Behm.

[¶10] In the prior appeal, we held the district court correctly concluded the proposed pipeline was for a public use, but the court erred in ruling the proposed taking was not necessary for a public use. *Behm,* 2019 ND 139, ¶¶ 10, 18. We reversed the judgment and "remand[ed] for trial on eminent domain damages to be awarded to Behm." *Id.* at ¶ 19. We did not remand for a new trial on the issues of necessity and public use or for new arguments to be raised about the prior proceedings. The district court fully carried out our mandate's terms.

[¶11] Furthermore, Behm's arguments about the constitutionality of the eminent domain proceedings and whether a jury should have determined certain issues could have been raised in the district court before the prior appeal and to this Court in the first appeal. In the prior appeal, this Court acknowledged, "Behm lists ten issues in his cross-appeal but does not specifically address any of them in his brief. We do not address inadequately briefed issues." *Behm,* 2019 ND 139, ¶ 19. These ten issues that we declined to

3

review included, "Whether the district court erred in not finding a violation of federal and state constitutional rights by the proposed taking." The constitutional arguments he makes in the current appeal could have been resolved in the first appeal had they been properly presented, and therefore they are barred by the law of the case doctrine.

[¶12] We conclude Behm's constitutional arguments are precluded under the law of the case doctrine and the mandate rule.

### III

[¶13] Behm argues the district court abused its discretion by failing to award him attorney's fees and costs related to his petition for writ of certiorari.

[¶14] We review the district court's decision on costs and attorney's fees in an eminent domain action for an abuse of discretion. *Lincoln Land Dev., LLP v. City of Lincoln*, 2019 ND 81, ¶ 20, 924 N.W.2d 426. A court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *Id.*

[¶15] Section 32-15-32, N.D.C.C., provides for costs and attorney's fees in an eminent domain case, stating:

> The court may in its discretion award to the defendant reasonable actual or statutory costs or both, which may include . . . costs on appeal, and reasonable attorney's fees for all judicial proceedings. If the defendant appeals and does not prevail, the costs on appeal may be taxed against the defendant. In all cases when a new trial has been granted upon the application of the defendant and the defendant has failed upon such trial to obtain greater compensation than was allowed the defendant upon the first trial, the costs of such new trial shall be taxed against the defendant.

This Court has said the statute authorizes the district court to award reasonable attorney's fees for all judicial proceedings in an eminent domain action. *Lincoln Land*, 2019 ND 81, ¶ 22. We explained courts should consider a number of factors in deciding whether to award fees and costs in an eminent

4

domain case, including the number of hours spent, the rate per hour, the character of the services rendered, the results obtained, the customary fee charged in the locality, and the ability and skill of the attorney. *Cass Cty. Joint Water Res. Dist. v. Erickson*, 2018 ND 228, ¶ 29, 918 N.W.2d 371; *see also City of Bismarck v. Thom*, 261 N.W.2d 640, 646 (N.D. 1977). We have also said, "[I]t is essential that the prevailing party, and the court, if need be, exclude any hours that are excessive, redundant, or otherwise unnecessary." *N.D. Dep't of Transp. v. Rosie Glow, LLC*, 2018 ND 123, ¶ 11, 911 N.W.2d 334.

[¶16] Behm requested $49,561.78 in attorney's fees and costs for fees related to the prior appeal, the petition for writ of certiorari to the United States Supreme Court, and to resolve the issue of damages. The district court previously awarded Behm $22,150 in attorney's fees and costs before the prior appeal, and the court found MDU tendered payment for all fees associated with the initial phase of the trial. The court awarded Behm $17,443 of the $49,561.78 total request, including the fees and costs incurred for the prior appeal and subsequent proceedings in the district court. The court denied the attorney's fees requested for contacts with individuals who were strangers to the proceedings and for communications between Behm's attorney and office staff about billing matters and other financial matters. The court also denied any fees related to the petition for writ of certiorari. The court concluded N.D.C.C. § 32-15-32 allows for fees for all judicial proceedings, but that term does not include "a side trip" to a federal court, and the statute limits the recovery of attorney's fees to legal services related directly to the condemnation proceeding alone. The court explained the petition to the United States Supreme Court was "an improvident act," N.D.C.C. § 32-15-32 does not contemplate a recovery for all fees incurred for any proceeding not directly contemplated by the chapter, and therefore the fees would not be allowed.

[¶17] Section 32-15-32, N.D.C.C., gives the district court discretion to award "reasonable actual or statutory costs" and "reasonable attorney's fees for all judicial proceedings." We have limited recovery of attorney's fees to litigation of claims asserting condemnation or inverse condemnation. *United Power Ass'n v. Moxness*, 267 N.W.2d 814, 817 (N.D. 1978) (reversing fee award for proceedings before the public service commission); *Arneson v. City of*

*Fargo*, 331 N.W.2d 30, 39 (N.D. 1983) (affirming fee award limited to inverse condemnation and excluding litigation of negligence issues); *Gissel v. Kenmare Twp.*, 512 N.W.2d 470, 478 (N.D. 1994) (affirming as reasonable the district court's reduction of requested attorney's fees due to "overextended conferences and an improvident appeal"). Although the court explained its reasoning that the petition was an "improvident" "side trip" and therefore unreasonable to that extent, it further stated that Behm's "petition to the United States Supreme Court is not a proceeding contemplated in Chapter 32-15." If otherwise reasonable, the district court may award attorney's fees for "all judicial proceedings," including a petition for certiorari to the United States Supreme Court asserting takings claims under the United States Constitution. N.D.C.C. § 32-15-32. We will not set aside a correct result merely because part of the reasoning supporting that result was incorrect. *Schmidt v. City of Minot*, 2016 ND 175, ¶ 16, 883 N.W.2d 909. We conclude the district court did not abuse its discretion by denying as unreasonable the attorney's fees and costs Behm requested related to the petition for writ of certiorari.

IV

[¶18] MDU requests an award of costs and fees on appeal under N.D.R.App.P. 38 for defending against the constitutional issues raised in the appeal. MDU contends Behm failed to properly raise the constitutional issues in the prior appeal, he did not adequately brief the issues in this appeal, he did not address current case law on these issues, and he wasted the Court's and MDU's resources with his unsupported arguments. In the previous appeal, we held that the district court erred in concluding the proposed taking was not necessary for a public use, and remanded for trial on eminent domain damages. *Montana-Dakota Utils. Co. v. Behm*, 2019 ND 139, ¶¶ 18-19, 927 N.W.2d 865.

[¶19] Rule 38, N.D.R.App.P., provides, "If the court determines that an appeal is frivolous, or that any party has been dilatory in prosecuting the appeal, it may award just damages and single or double costs, including reasonable attorney's fees." An appeal is frivolous "if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Frontier Fiscal Servs., LLC v. Pinky's*

*Aggregates, Inc.*, 2019 ND 147, ¶ 21, 928 N.W.2d 449 (quoting *Witzke v. City of Bismarck*, 2006 ND 160, ¶ 19, 718 N.W.2d 586). Behm's appeal of issues we decided in the first appeal and beyond the scope of the remand for trial on damages meets this standard.

[¶20] We award MDU single costs and attorney's fees in the amount of $500.

V

[¶21] We affirm the judgment.

[¶22] Jon J. Jensen, C.J.
Daniel J. Crothers
Jerod E. Tufte
Allan L. Schmalenberger, S.J.
David Nelson, S.J.

[¶23] The Honorable Allan L. Schmalenberger and the Honorable David Nelson, Surrogate Judges, sitting in place of VandeWalle, J., and McEvers, J., disqualified.