FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JUNE 10, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 105

Rhonda Pennington, Steven Nelson,
Donald Nelson, and Charlene Bjornson,                Plaintiffs and Appellants

v.

Continental Resources, Inc.,                              Defendant and Appellee

### No. 20200318

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Nathan A. Keever (argued), Grand Junction, CO, and Fintan L. Dooley (appeared), Bismarck, ND, for plaintiffs and appellants.

Mark W. Vyvyan (argued), Minneapolis, MN, Lawrence Bender (on brief), and Spencer D. Ptacek (appeared), Bismarck, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1] Rhonda Pennington, Steven Nelson, Donald Nelson, and Charlene Bjornson ("Plaintiffs") appeal from a judgment entered after the district court determined their oil and gas leases with Continental Resources have not expired and remain in effect. The Plaintiffs argue the district court erred in concluding the leases had not expired. We affirm, concluding the issues the Plaintiffs raise on appeal are precluded under the law of the case doctrine and mandate rule.

I

[¶2] In 2011, the Plaintiffs executed oil and gas leases for property in McKenzie County. Each lease term was three years with a lessee option to extend for an additional year. In 2014, the leases were assigned to Continental, and it exercised the option to extend the leases. The leases contained a "regulation and delay" paragraph, which states, "When drilling, reworking, production or other operations are prevented or delayed . . . by inability to obtain necessary permits . . . this lease shall not terminate because of such prevention or delay, and, at Lessee's option, the period of such prevention or delay shall be added to the term hereof."

[¶3] In May 2012, Continental applied for a drilling permit on a 2,560-acre spacing unit, which included the property covered by the leases. Continental could not begin drilling operations until receiving federal approval. In October 2015, Continental recorded an affidavit of regulation and delay, stating it had not yet obtained federal regulatory approval to drill, and the primary term of the leases was extended under the "regulation and delay" paragraph of the leases. Continental also applied to terminate the 2,560-acre spacing unit and create a 1,920-acre spacing unit that excluded the land requiring federal approval. In November 2015, the Industrial Commission approved the new smaller spacing unit. In January 2016, the commission pooled all of the oil and gas interests in the 1,920-acre spacing unit for the development and operation

of the spacing unit. Continental began drilling operations. Production was obtained in 2017.

[¶4] In August 2017, the Plaintiffs sued Continental, alleging the leases expired on October 25, 2015, and Continental's delay in obtaining regulatory approval to drill did not extend the leases. Both parties moved for summary judgment. The district court granted Continental's motion, concluding the "regulation and delay" paragraph of the leases extended the leases until regulatory approval could be obtained to begin drilling operations.

[¶5] The Plaintiffs appealed, arguing the leases expired in October 2015, and the "regulation and delay" paragraph did not extend the leases. They also argued the delay in attempting to obtain a permit was unreasonable because Continental could have obtained a permit for a smaller spacing unit during the primary term of the leases.

[¶6] This Court affirmed the district court's summary judgment in part, reversed it in part, and remanded. *Pennington v. Cont'l Res., Inc.*, 2019 ND 228, ¶ 1, 932 N.W.2d 897. We held the "regulation and delay" paragraph in the leases is a force majeure clause, which allocated the risk of loss if performance becomes impossible or impracticable, and the paragraph applied to both the primary and secondary term. *Id.* at ¶¶ 12, 15. We explained for an express force majeure clause to apply it must be accompanied by proof that the failure to perform was proximately caused by a contingency and that performance remained impossible or unreasonably expensive in spite of skill, diligence, and good faith on the promisor's part. *Id.* at ¶ 18. We stated the district court concluded the delay in obtaining drilling permits was beyond Continental's control and was not because of its fault or negligence, but the court did not address whether Continental acted diligently and in good faith in pursuing a permit for the 2,560-acre spacing unit for more than three years. *Id.* at ¶ 21. We held a genuine issue of material fact existed about whether Continental acted diligently and in good faith, and we remanded for further proceedings on that issue. *Id.*

2

[¶7]   On remand, the district court held a bench trial. The court found Continental acted diligently and in good faith in pursuing the necessary permits and Continental's drilling operations were prevented or delayed by the inability to obtain the necessary permits. The court concluded the period of delay should be added to the term of the leases under the "regulation and delay" paragraph of the leases, extending the term of the leases from October 25, 2015, to December 24, 2017. The court found drilling operations and production had commenced on the leases before the term expired. The court concluded the leases remain in effect.

II

[¶8]   The Plaintiffs argue the district court erred in concluding the leases did not expire. They contend production was required prior to the expiration of the primary term of the leases to prevent automatic expiration and the district court erred in crediting Continental with the time for permitting delays that the court found Continental suffered prior to having any interest in the leases. Continental argues the Plaintiffs' arguments are barred by the law of the case doctrine and the mandate rule. Continental contends the judgment should be affirmed because these issues were not properly before the district court, the issues exceeded the scope of this Court's mandate in the prior appeal, and the district court properly adhered to the law of the case doctrine and mandate rule on remand.

[¶9]   "Under the doctrine of res judicata, a valid, existing final judgment from a court of competent jurisdiction is conclusive on the parties . . . in all other actions with regard to the issues raised, or those that could have been raised, and determined therein." *Glass v. Glass*, 2018 ND 14, ¶ 5, 906 N.W.2d 81 (quoting *Jundt v. Jurassic Res. Dev., N. Am., L.L.C.*, 2004 ND 65, ¶ 6, 677 N.W.2d 209). "The law of the case doctrine is based upon the theory of res judicata, and is grounded on judicial economy to prevent piecemeal and unnecessary appeals." *Glass*, at ¶ 5 (quoting *Jundt*, at ¶ 6).

> [T]he law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings, and [a] party cannot on a second appeal

relitigate issues which were resolved by the Court in the first appeal or *which would have been resolved had they been properly presented in the first appeal.*

*Montana-Dakota Utils. Co. v. Behm*, 2020 ND 234, ¶ 8, 951 N.W.2d 208 (quoting *Dale Expl., LLC v. Hiepler*, 2020 ND 140, ¶ 13, 945 N.W.2d 306).

[¶10] The mandate rule is a more specific application of the law of the case doctrine. *Montana-Dakota*, 2020 ND 234, ¶ 8. The mandate rule requires the district court to follow the appellate court's pronouncements on legal issues in subsequent proceedings in the case and to carry the appellate court's mandate into effect according to its terms. *Id.* This Court retains the authority to decide whether the district court scrupulously and fully carried out the mandate's terms. *Id.*

[¶11] Prior to the first appeal, the Plaintiffs and Continental each moved for summary judgment, arguing the matter should be decided in their favor as a matter of law. Continental argued it was entitled to summary judgment in the form of a declaration that the leases are still valid and in effect and will continue to remain valid and in effect as provided for under the terms of the leases. It claimed the regulation and delay paragraph is a force majeure clause that relieved Continental of liability for nonperformance due to events beyond its control, it was unable to obtain the necessary permits for drilling despite its good faith efforts, and the leases were extended for the period of the delay under the regulation and delay paragraph. It claimed there were no genuine issues of material fact.

[¶12] The Plaintiffs also moved for summary judgment, arguing they should be granted summary judgment in the form of a declaratory judgment because the leases expired by their own terms on October 25, 2015. They asserted the delay in permitting did not extend the expiration of the primary term of the lease and the regulation and delay paragraph does not apply to the primary term.

[¶13] Continental argued in its reply brief that the regulation and delay paragraph may take effect during the primary term, its actions did not

4

preclude it from relying on the regulation and delay paragraph to extend the effective term of the leases, and the term was extended because drilling operations were delayed by Continental's inability to obtain the requested permit. The Plaintiffs argued in their reply brief that the regulation and delay paragraph does not support Continental's argument, it did not extend the primary term, the lessee did not have any obligations in the primary term, the regulation and delay paragraph relates to the lessee's obligations under the leases, and Continental's argument about the regulation and delay paragraph is unsupported by a complete reading of the leases. The Plaintiffs argued Continental's prior actions undercut its argument that the regulation and delay paragraph was intended to apply during the primary term because it claims the extended period of time includes the time from when it filed an application to drill four wells in 2012 until it was granted approval to drill different wells in a smaller spacing unit in 2016 and if it believed the regulation and delay paragraph applied it did not need to exercise the option to extend the primary term. The Plaintiffs also argued evidence of production following the express primary term was not relevant to whether the leases expired at the end of the primary term.

[¶14] The district court granted Continental's motion for summary judgment. The court concluded the leases remained in effect under the regulation and delay paragraph. This Court affirmed the district court's summary judgment in part, reversed it in part, and remanded for further proceedings. *Pennington*, 2019 ND 228, ¶ 22. We said the district court concluded the delay in obtaining drilling permits was beyond Continental's control and was not because of its fault or negligence, but the court did not address whether Continental acted diligently and in good faith in pursuing the permit and the Plaintiffs' arguments related to good faith and diligence in obtaining the permit. *Id.* at ¶ 21. We said, "Viewing the evidence and inferences to be drawn from the evidence in a light favorable to the Plaintiffs, a genuine issue of material fact exists as to whether Continental acted diligently and in good faith. We reverse the court's judgment and remand for further proceedings on this issue." *Id.* We only reversed the district court's summary judgment on the issue of whether Continental acted diligently and in good faith in pursuing the drilling permit, and we affirmed the rest of the summary judgment.

5

[¶15] In this appeal, the Plaintiffs argue that production was required prior to the expiration of the primary term of the lease to continue the leases and that the court erred by crediting Continental with any period of permitting delays it found Continental suffered prior to having any interest in the leases. They further contend these issues do not exceed the scope of the prior mandate and the issues could not be raised at the time of the first appeal because Continental had not yet articulated the time period it was claiming a force majeure event existed.

[¶16] These issues could have been raised in the motion for summary judgment or in response to Continental's motion for summary judgment. The interpretation and effect of the leases and the length of the period of delay were issues before the district court when the court granted summary judgment. The Plaintiffs were aware that Continental was claiming the period of delay including the time after it had applied for permits but before it was assigned the leases. The Plaintiffs stated in their reply brief in support of their motion that Continental claims the term of the leases was extended for a period of 1,316 days and it calculated "this extensive period of time based on the date in 2012 that it filed an application to drill four wells . . . until the date in 2016 that it was granted approval of permits to drill different wells in a smaller 1920 Spacing Unit." The period of time for the permitting delay was an issue and the Plaintiffs were aware Continental was claiming the period included the time before it had been assigned the leases. The Plaintiffs chose not to raise their current issues when arguing they were entitled to summary judgment and Continental's motion should be denied. The law of the case doctrine and mandate rule apply.

[¶17] An order denying or partially granting a motion for summary judgment is generally an interlocutory order, which may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. *See Ceynar v. Barth*, 2017 ND 286, ¶ 7, 904 N.W.2d 469 (stating an order denying summary judgment is an interlocutory order); *Frontier Enters., LLP v. DW Enters., LLP*, 2004 ND 131, ¶¶ 3-4, 682 N.W.2d 746 (stating partial summary judgment is an interlocutory order). However, in this case the summary judgment was a final order that decided all claims against all parties.

6

The Plaintiffs appealed that judgment. On appeal, we did not fully reverse the judgment and remand for all issues to be tried. We only reversed on one issue and remanded with specific instructions. This Court's affirmance of the rest of the summary judgment is the law of the case, including the Plaintiffs' waiver of any issues and arguments not raised. We remanded for further proceedings on the issue of "whether Continental acted diligently and in good faith." *Pennington*, 2019 ND 228, ¶ 21. Because a final judgment was entered and reviewed on appeal, with this Court reversing and remanding on a specific issue, the Plaintiffs are precluded from raising new issues on remand. The district court was required to carry out our mandate on remand and address the issue of whether Continental acted diligently and in good faith in pursuing the permit to drill the 2,560-acre spacing unit for more than three years.

[¶18] On remand, a bench trial was held and the district court made findings and determined the leases remained in effect. The court found Continental began the permitting process for a spacing unit including the land covered by the Plaintiffs' leases in 2012, the Forest Service and Fish and Wildlife Service delayed the permitting process for the wells which prevented or delayed Continental's drilling operations, and Continental began developing a contingency plan in early summer 2015. The court found Continental acted diligently and in good faith in pursuing federal permits for the larger spacing unit from May 2012 through October 2015.

[¶19] The district court also rejected the Plaintiffs' current issues on the basis of the mandate rule, stating "The Court rejects these arguments because they are inconsistent with the Supreme Court's opinion and with the language of the Leases." The court further explained:

> The Supreme Court remanded to this Court specifically for further proceedings on the issue of whether Continental acted diligently and in good faith. Under the "mandate rule" this Court must carry the Supreme Court's mandate into effect according to its terms. Ruling in favor of the Plaintiffs on the basis of the arguments now raised would be outside the scope of remand established by the Supreme Court and would thus be improper. . . . The arguments that Plaintiffs now raise could have been made in

7

conjunction with the parties' cross motions for summary judgment prior to the first appeal. Plaintiffs attempt to make these arguments now comes "too late".

(Citations omitted.)

[¶20] The district court fully carried out the terms of our mandate. The Plaintiffs do not argue the district court erred in finding Continental acted diligently and with good faith. We conclude the Plaintiffs' arguments are precluded under the law of the case doctrine and the mandate rule and will not be addressed on appeal.

### III

[¶21] We affirm the judgment.

[¶22] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Carol Ronning Kapsner, S.J.

[¶23] The Honorable Carol Ronning Kapsner, S.J., sitting in place of VandeWalle, J., disqualified.

8