# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 151

Harold Ring,

Appellant

v.

North Dakota Department of Human Services,

Appellee

### No. 20200072

Appeal from the District Court of Renville County, Northeast Judicial District, the Honorable Anthony  S. Benson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Richard R. LeMay, Minot, ND, for appellant; submitted on brief.

Tiffany J. Grossman, Assistant Attorney General, Bismarck, ND, for appellee; submitted on brief.

**VandeWalle, Justice.**

[¶1]   This appeal arises from a district court order affirming the North Dakota Department of Human Services' determination that Harold Ring was ineligible for Medicaid. In *Ring v. North Dakota Department of Human Services*, 2020 ND 217, 950 N.W.2d 142 ("*Ring I*"), we remanded the case for the district court to determine whether a party should be substituted due to Ring's death, which occurred before the court entered its order. On remand, the district court found substitution of a party was unwarranted and entered an order dismissing the case. We affirm the dismissal order.

I

[¶2]   When these proceedings began, Ring was ninety-six years old and living in the Good Samaritan Home located in Mohall. He was a private-pay resident. An application for Medicaid was submitted in April of 2018. It was denied due to disqualifying transfers. Ring's daughter, Nancy Ring, filed a second Medicaid application on Ring's behalf in November of 2018. The November application was also denied. Ring filed a notice of appeal in the district court on June 14, 2019. Ring died on November 16, 2019. The district court affirmed the Department's decision on December 31, 2019. On March 6, 2020, Ring's attorney filed a notice of appeal to this Court.

[¶3]   In *Ring I*, we held N.D.R.Civ.P. 25 applies to the substitution issue created by Ring's death. 2020 ND 217, ¶ 8. We remanded the case with instructions for the district court to determine, pursuant to N.D.R.Civ.P. 25, whether the action survived Ring's death, and if so, whether a successor should be substituted. *Id.* On remand, the court concluded the action survived Ring's death but substitution of a party was not warranted. The court entered an order dismissing the case on March 4, 2021. The parties filed simultaneous supplemental briefs with this Court on April 28, 2021.

1

[¶4]   Ring's attorney argues N.D. Admin. Code § 75-01-03-03 governs the substitution issue in this case. He claims N.D.R.Civ.P. 25 is inapplicable. He requests this Court either remand the case to the Department to determine a successor or hold that Nancy Ring is the successor. We conclude his argument is foreclosed by our decision in *Ring I*.

[¶5]   "[T]he law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings . . . ." *Dale Expl., LLC v. Hiepler*, 2020 ND 140, ¶ 13, 945 N.W.2d 306 (quoting *Johnston Land Co., LLC v. Sorenson*, 2019 ND 165, ¶ 11, 930 N.W.2d 90). Under the law of the case doctrine, a party may not, in the same case with the same facts, relitigate issues that were decided in a prior appeal or issues "which would have been resolved had they been properly presented in the first appeal." *State ex rel. N.D. Dep't of Labor v. Riemers*, 2010 ND 43, ¶ 11, 779 N.W.2d 649; *see also Montana-Dakota Utils. Co. v. Behm*, 2020 ND 234, ¶ 8, 951 N.W.2d 208. "The law of the case doctrine is based upon the theory of res judicata, and is grounded on judicial economy to prevent piecemeal and unnecessary appeals." *Glass v. Glass*, 2018 ND 14, ¶ 5, 906 N.W.2d 81.

[¶6]   In *Ring I*, we explained section 75-01-03-03 is only "applicable to deaths before the Department of Human Services has issued a decision on a Medicaid application." 2020 ND 217, ¶ 6. We held that because Ring's death occurred while the appeal was pending before the district court, N.D.R.Civ.P. 25 applies. *See id.*, at ¶ 8. The question Ring's attorney raises in this appeal—which rule governs the substitution issue—is res judicata and, under our law of the case doctrine, it may not be relitigated.

[¶7]   The district court found substitution of a party was not warranted under N.D.R.Civ.P. 25(a)(1), which provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion for substitution is not made within 90 days after service of a statement noting the death, the action by or against the decedent may be dismissed.

"The court has discretion in deciding whether to allow substitution, and the court's decision will not be reversed on appeal unless it abused its discretion." *Dixon v. Dixon*, 2017 ND 174, ¶ 31, 898 N.W.2d 706. "An abuse of discretion occurs when the court's decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Davis v. Davis*, 2021 ND 24, ¶ 5, 955 N.W.2d 117.

[¶8] The district court explained its rationale for declining to substitute a party:

> Neither the letter nor the spirit of Rule 25 of the North Dakota Rules of Civil Procedure was followed after the passing of Ring. No motion was ever made or filed by any party or a successor to Harold Ring for substitution within 90 days of service of a statement noting his death . . . . Given the lack of a motion for substitution at any point following the death of Harold Ring in this proceeding and the history of proceedings since his passing this Court will exercise its discretion pursuant to Rule 25 and finds that substitution of Nancy Ring for Harold Ring is not warranted.

[¶9] We conclude the district court did not abuse its discretion. The attorney who had been representing Ring before he died claimed Nancy Ring should be appointed successor, but it is not clear whether he represents her or whether she is willing to serve as successor. The court found there was "fairly apparent obfuscation as to the actual client being represented." As the court noted, no motion or formal request for substitution was ever filed by any party—either before or after remand. Under these circumstances, we hold the district court did not abuse its discretion when it dismissed the case.

## III

[¶10] We affirm the order dismissing the case.

[¶11] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte