FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 22, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 234

State of North Dakota,                                       Plaintiff and Appellee

v.

Mohammed Yasin Yousif,                              Defendant and Appellant

## No. 20220156

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Ashlei A. Neufeld, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Mohammed Yousif appeals from a criminal judgment entered after a jury found him guilty of aggravated assault. Yousif argues the district court erred by excluding a witness's recorded statement. We affirm.

I

[¶2]   On July 19, 2020, K.A. was shot while driving a vehicle. During his initial interview with law enforcement, K.A. stated he was shot by an unknown male. Upon investigating the scene, officers collected evidence showing the gun was discharged from the back seat on the driver's side where Yousif was sitting. The bullet passed through the driver's seat, through K.A.'s shoulder, and struck the windshield. Upon being released from the hospital, K.A. contacted law enforcement to correct his initial statement indicating Yousif shot him.

[¶3]   At trial, K.A. testified about the inconsistencies in his statements during direct examination. He was cross-examined by defense counsel. The next day, during cross-examination of the case agent, defense counsel offered the recording of K.A.'s statement made to law enforcement. The State objected. The district court sustained the objection. At the end of the trial, the jury found Yousif guilty of aggravated assault. Yousif appeals.

II

[¶4]   Yousif argues the district court erred by excluding the recording of K.A.'s statement at trial. We disagree, concluding the court properly exercised its broad discretion by excluding the recording.

[¶5]   This Court reviews a district court's evidentiary ruling under an abuse of discretion standard. *State v. Poulor*, 2019 ND 215, ¶ 14, 932 N.W.2d 534. A district court has broad discretion on evidentiary matters, and we will not overturn its admission or exclusion of evidence on appeal unless that discretion has been abused. *State v. Peltier*, 2016 ND 75, ¶ 3, 878 N.W.2d 68. A district court abuses its discretion when it acts arbitrarily, capriciously, or

unreasonably, or when its decision is not the product of a rational mental process or if it misinterprets or misapplies the law. *Id.*

## III

[¶6]   On the second day of trial, the case agent, Detective Freeman, testified. During cross-examination, defense counsel offered the recording of K.A.'s statement. The State objected:

> MS. NEUFELD: State would be objecting, Your Honor …
>
> K. was here under testimony. At this point in time the statement would be testimonial evidence. He was here, he testified yesterday. Under 613, extrinsic evidence which is what the audio would be, is not permissible unless the person or the inconsistent statements has been given the opportunity to admit or deny the statements. The extrinsic evidence is then used to impeach the individual and it is never received by the court, it has to be used when the witness is on the stand.
>
> This issue arose last week in trial with Judge Knudson . . . . Judge Knudson made the ruling that 613 is very clear, testimonial extrinsic evidence when it comes to impeachment purposes or to testimonial statements by a witness, there has to be part B of 613. Subsection B states and I can read it for Your Honor . . . .
>
> Your Honor, K. was on the stand yesterday. Yesterday was the time and place in which to get him to admit or deny any sort of inconsistent statements. There has to be, before any extrinsic evidence is used, there has to be a confrontation that takes place in which the witness is allowed to explain, admit, or deny the statement.
>
> THE COURT: Okay. So K. testified and was subject to cross-examination at that time and, and so I believe the way to proceed as far as the interview that took place is to ask this witness about information contained in that interview as it may be inconsistent with prior statements that are made.
>
> MS. NELSON: Yes, Your Honor. I did talk with Ms. Neufeld about this last week and she did know that I was intending to play the interviews. The interviews are not for the inconsistent statements of the person themselves. Inconsistent statements are throughout this case. It is how she took those inconsistencies and

2

I think it's necessary for the jury to hear it for themselves, she made the determination based on those interviews.

THE COURT: Well -- go ahead, counsel.

MS. NEUFELD: It's extrinsic evidence, Your Honor. Detective Freeman is on the stand right now. I've already asked her and certainly defense counsel can ask her why you found those statements inconsistent, what inconsistencies did you find.

THE COURT: Well, I think she's indicat -- are you challenging consistency at this point or are you asking her about why she believes --

MS. NELSON: Right. It's the weight and the credibility of the statements that were made by each individual that the jury has a right to.

THE COURT: Well, it is credibility then.

MS. NELSON: Right.

THE COURT: Inconsistency and credibility. So you can ask her about those things. You have a transcript of the --

MS. NELSON: I do, Your Honor.

THE COURT: Okay. And so you know what's on the interview. You can ask her questions that may point out inconsistencies, you can use the transcript to refresh her recollection if you need it, but I don't think I'm going to allow the playing of this interview for the purpose that you're indicating.

[¶7] North Dakota Rule of Evidence 613 governs a witness's prior inconsistent statement:

> Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires.

N.D.R.Ev. 613(b). "It is the established rule in this State that a prior inconsistent statement may be used to impeach a witness, but may not be used substantively in a criminal case as direct evidence of the facts contained in the statement unless the prior statement was made under oath." *State v. Demery*, 331 N.W.2d 7, 11 (N.D. 1983). There is no requirement that the prior statement be in evidence at the time the impeaching questions are asked. *Id.* at 12.

[¶8] Rule 613, N.D.R.Ev., is based on Fed.R.Evid. 613. N.D.R.Ev. 613, Explanatory Note. "When our rule is derived from a federal rule, we may look to the federal courts' interpretation or construction of identical or similar language as persuasive authority for interpreting our rule." *State v. Helm*, 2020 ND 155, ¶ 6, 946 N.W.2d 503 (citations omitted). The Eighth Circuit similarly acknowledges "[u]nder Rule 613(b), a party seeking to introduce a prior inconsistent statement must ordinarily confront the witness with the prior inconsistent statement and afford him or her an opportunity to explain or deny the inconsistency." *United States v. Buffalo*, 358 F.3d 519, 524 (8th Cir. 2004).

[¶9] Rule 613(b) of the Federal Rules of Evidence provides, "extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless: (1) the witness is afforded an opportunity to explain or deny the statement and the opposing party is afforded an opportunity to interrogate the witness about the statement or (2) the interests of justice otherwise require." *United States v. Schnapp*, 322 F.3d 564, 571 (8th Cir. 2003); *see also United States v. Yarrington*, 634 F.3d 440, 448 (8th Cir. 2011). The advisory notes to Rule 613, Fed. R. Evid., explain:

> The traditional insistence that the attendance of the witness be directed to the statement on cross-examination is relaxed in favor of simply providing the witness an opportunity to explain and the opposite party an opportunity to examine on the statement, with no specification of any particular time or sequence. Under this procedure, several collusive witnesses can be examined before disclosure of a joint prior inconsistent statement.

Fed. R. Evid. 613(b), Advisory Committee Notes.

[¶10] Nevertheless, a trial court's broad discretion in controlling the mode and order of interrogating witnesses and presenting evidence permits it to exclude extrinsic impeachment evidence "that was not revealed while the witness was on the stand," or at least before the witness was permitted to leave the court. *United States v. Surdow*, 121 Fed.Appx. 898, 899 (2d Cir. 2005) (relying on *Weinstein's Federal Evidence* § 613.05[1] at 613-19 (2004)). Even if all the foundational elements of Rule 613 are met, a court is not required to admit any

4

or all extrinsic evidence of a prior inconsistent statement. *Surdow*, at 900. A court may still exercise its discretion to exclude such evidence. *Id*.

[¶11] Here, K.A. made inconsistent statements and testified to those statements at trial. Defense counsel attempted to play the recording of the inconsistent statements during the testimony of another witness, but the court did not allow it. Under N.D.R.Ev. 613(b), extrinsic evidence of K.A.'s prior inconsistent statement was admissible because K.A. was "given an opportunity to explain or deny the statement" and the parties were "given an opportunity to examine the witness about it." However, although the court could have admitted the recording, it was not required to do so. According to Yousif's attorney, the purpose for which the recording was offered was not to point out inconsistencies in K.A.'s statements, but to demonstrate how the case agent made determinations based on the inconsistent interviews. Rather than allow the recording, the court allowed counsel to use a transcript of the statements to cross-examine the case agent. Although the foundational elements of Rule 613 were met, the court was not bound to admit the extrinsic evidence and was free to exercise its broad discretion. The court properly exercised its discretion to exclude evidence during trial. The court's decision to exclude the recording was rational; therefore, the court did not abuse its discretion.

V

[¶12] The judgment is affirmed.

[¶13] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte