# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 108

State of North Dakota,                                    Plaintiff and Appellee

v.

Rolanda Ann Doyle,                                    Defendant and Appellant

## No. 20230292

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Bahr, Justice.

Julie Lawyer, State's Attorney, Bismarck, ND, for plaintiff and appellee.

Laura C. Ringsak, Bismarck, ND, for defendant and appellant.

**Bahr, Justice.**

[¶1]    Rolanda Doyle appeals from a criminal judgment entered following a jury verdict finding her guilty of murder in the course of the furtherance of a felony, and child abuse of a victim under six years old. We conclude the State introduced expert testimony; the State did not comply with N.D.R.Crim.P. 16(a)(1)(F); the district court abused its discretion by permitting the State's expert to testify when the State did not comply with N.D.R.Crim.P. 16(a)(1)(F); and the court's evidentiary error was not harmless error. We reverse and remand.

I

[¶2]    On February 18, 2022, Bismarck Police responded to a call of a child not breathing at Doyle's home. The child was taken to the hospital and pronounced dead the same day. The State charged Doyle with one count of murder in the course of a furtherance of a felony, and one count of child abuse of a victim under six years old.

[¶3]    The district court held a three-day jury trial. At trial, the State presented testimony from Dr. Peterson, the emergency room physician who treated the child on the day of his death; and Dr. Miller, the North Dakota State Forensic Examiner who conducted the autopsy of the child. Doyle objected to portions of the testimony of both witnesses. She contended portions of their testimony constituted expert testimony and the State did not provide the expert witness summaries required under N.D.R.Crim.P. 16(a)(1)(F). The court overruled Doyle's objections to the testimony of both witnesses. The jury found Doyle guilty on both counts.

II

[¶4]    Doyle argues both Dr. Peterson and Dr. Miller testified as expert witnesses. The State admits Dr. Miller testified as an expert; the State argues Dr. Peterson testified as a lay witness. The State explains it produced Dr. Miller's autopsy report, and argues the report provided everything required under N.D.R.Crim.P. 16(a)(1)(F). Because we reverse the judgment based on Dr. Miller's testimony, we do not address Dr. Peterson's testimony.

[¶5]    In *State v. Wickham*, 2020 ND 25, ¶ 9, 938 N.W.2d 141, this Court explained the difference between three types of trial testimony: fact, lay opinion, and expert opinion.

"Fact testimony comes from a witness who is competent and after 'evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.'" *Id.* (quoting *State v. Foster*, 2019 ND 28, ¶ 4, 921 N.W.2d 454). Rule 701, N.D.R.Ev., governs the admission of lay opinion testimony:

> Lay opinion testimony is limited to testimony that is rationally based on the perception of the witness. Therefore, the witness must have observed the incident or have first-hand knowledge of the facts that form the basis of the opinion. A lay witness's opinion must be based on his or her perception or personal knowledge of the matter.

*Wickham*, at ¶ 11 (cleaned up). Rule 702, N.D.R.Ev., governs the admission of expert opinion testimony. "A critical distinction between Rule 701 and Rule 702 testimony is that an expert witness 'must possess some specialized knowledge or skill or education that is not in the possession of the jurors.'" *Wickham*, at ¶ 13 (quoting *State v. Saulter*, 2009 ND 78, ¶ 11, 764 N.W.2d 430). "While a witness's testimony is not necessarily expert testimony simply because the witness has specialized knowledge and was chosen to carry out an investigation because of that knowledge, the witness's testimony is expert testimony if the testimony is rooted exclusively in his expertise or is not a product of his investigation but instead reflects his specialized knowledge." *Saulter*, at ¶ 15. We further explained a witness's testimony may include "a mix of lay opinions permitted under N.D.R.Ev. 701, and expert opinions more stringently regulated under N.D.R.Ev. 702." *Wickham*, at ¶ 27 (concluding registered nurse's testimony included a mix of lay and expert opinions); *see also id.* at ¶ 35 (concluding detective's lay opinions "crossed the line into expert opinion testimony" when he relied on specialized knowledge and training to form an opinion regarding the defendant's truthfulness). "[T]he inquiry into whether a lay witness's opinion constitutes impermissible expert testimony necessitates a case-by-case analysis of both the witness and the witness's opinion." *State v. Evans*, 2013 ND 195, ¶ 17, 838 N.W.2d 605.

[¶6] Doyle objected to portions of Dr. Miller's testimony on the ground it was undisclosed expert testimony. At the start of the direct examination, Doyle objected to Dr. Miller's testimony as to how long she was the North Dakota medical examiner because the State did not disclose her qualifications. The district court overruled the objection. Dr. Miller testified to her observations during the autopsy. The State also asked Dr. Miller questions related to her experience as a medical examiner, such as, "[W]hy is it important to document the clothing the person is wearing?" The court overruled Doyle's objection and Dr. Miller responded, "It can just provide information about the state of the individual

around the time that they died." The State later asked, "Is there any way that you can date wounds to find out when they were inflicted?" The court overruled Doyle's objection and Dr. Miller responded, "So there's a general process that the body goes through when it heals from wounds." She then continued to explain the process of dating wounds. The State asked Dr. Miller if a specific type of wound is unusual in a child. Dr. Miller testified:

> Q. Did you measure how deep that that wound went?
>
> A. That went the subcutaneous tissue. It was consistent or similar to a Stage 3 decubitus ulcer. So that's a type of injury—it's a specific type of injury. It's an unusual injury in a five-year-old child.
>
> Q. Why is that?

Doyle objected to this question on the ground it called for an expert opinion. The court overruled the objection and Dr. Miller answered:

> So decubitus-type ulcers are injuries that occur when you have pressure over, like, a bony prominence. So let's say a hip bone or a heel or something or, you know, if you have curvature of your back, along your spine, your sacrum. And it occurs in people who are not mobile.

Dr. Miller then went on to explain further about who is likely to have decubitus-type ulcers.

[¶7]    The State went on to ask Dr. Miller about the conclusions she reached in her autopsy. The State asked, "[W]hat was your conclusion regarding manner of death?" The district court overruled Doyle's objection and Dr. Miller responded, "Manner of death is homicide." The State later asked, "[W]hat—after you made your investigation, what did you determine was the cause of death?" Doyle did not object and Dr. Miller responded, "Battered child syndrome."

[¶8]    As it now concedes, the State introduced expert testimony through Dr. Miller. Dr. Miller's answers to many of the State's questions were "rooted exclusively in [her] expertise or is not a product of [her] investigation but instead reflects [her] specialized knowledge." *Saulter*, 2009 ND 78, ¶ 15. Further testimony from lay witnesses is limited to testimony which is "(a) rationally based on the witness's perception; and (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue." N.D.R.Ev. 701. Dr. Miller's testimony went beyond her perceptions during the autopsy and instead provided her opinions and conclusions based on her expertise.

3

[¶9]     Although never explicitly stated, it appears the district court agreed Dr. Miller testified as an expert witness. At one point, Doyle argued the State's position was Dr. Miller was not testifying as an expert. The court responded, "And I disagree with that, obviously."

[¶10]   We conclude the district court properly determined Dr. Miller testified as an expert witness for portions of her testimony.

III

[¶11]   Doyle argues the district court improperly admitted the testimony of Dr. Miller because the State did not comply with the requirements of N.D.R.Crim.P. 16(a)(1)(F).

[¶12]   "This Court reviews a district court's evidentiary ruling under an abuse of discretion standard." *State v. Yousif*, 2022 ND 234, ¶ 5, 982 N.W.2d 870. "A district court has broad discretion on evidentiary matters, and we will not overturn its admission or exclusion of evidence on appeal unless that discretion has been abused." *Id.* "A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably, or when its decision is not the product of a rational mental process or if it misinterprets or misapplies the law." *Id.*

[¶13]   Rule 16, N.D.R.Crim.P., governs the disclosure of witnesses and evidence in criminal cases. Rule 16(a)(1)(F) requires, upon the defendant's written request, that the prosecution "must give to the defendant a written summary of any testimony that the prosecution intends to use under N.D.R.Ev. 702, 703, or 705 during its case-in-chief at trial." The rule later explains, "Expert witness summaries must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." N.D.R.Crim.P. 16(a)(1)(F).

[¶14]   Doyle submitted a written request for the disclosure of all expert witnesses. Although the State disclosed Dr. Miller as a witness, it did not give notice to Doyle that Dr. Miller may testify as an expert or provide to Doyle Dr. Miller's qualifications. However, the State argues the district court properly admitted Dr. Miller's expert testimony because her autopsy report, which the State disclosed, fulfills the requirements of Rule 16(a)(1)(F).

[¶15]   During argument on whether the autopsy report contains the information required by Rule 16(a)(1)(F), the record indicates the district court did not review the report prior to ruling on the objections. The court stated:

4

THE COURT: And then for the expert disclosure it should be expert witness summaries, must describe the witness's opinions and the bases and reasons for those opinions, and the witness's qualifications.

I'm looking at Rule 16(a)[1](F), I guess it is.

And you got the report. And I don't—I don't have the report.

The court later stated: "I'm not sure what's in that report that fits under the discovery rule."

[¶16] The district court's statements it does not have the autopsy report and is not sure what in the autopsy report fits under Rule 16(a)(1)(F), demonstrates the court did not review the report when determining whether to admit Dr. Miller's testimony. Nothing in the record indicates the court reviewed the report. Rather, the court overruled Doyle's objections to Dr. Miller's testimony without reviewing the report to determine if the report disclosed the required information. Without actually reviewing the autopsy report, the court could not determine whether the contents of the report satisfied the requirements of Rule 16(a)(1)(F). By overruling objections to Dr. Miller's testimony without reviewing the autopsy report, the court abused its discretion.[1]

[¶17] Rule 16(a)(1)(F), N.D.R.Crim.P., is clear that if the defendant makes a written request, the prosecution "must give to the defendant a written summary" of the expert testimony and that the summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* It is undisputed the State did not provide to Doyle a written expert summary for Dr. Miller containing the information required in Rule 16(a)(1)(F).

[¶18] Whether an autopsy report or other written reports or records may satisfy N.D.R.Crim.P. 16(a)(1)(F) must be determined on a case-by-case basis. However, a district court can only make that determination by comparing the provided report or record to the requirements of Rule 16(a)(1)(F), including the requirement the State identify the witness's

---

[1] The autopsy report was not entered into the trial record. After oral argument before this Court, the State filed the autopsy report with the district court. We decline to review the autopsy report to determine whether it satisfied the requirements of N.D.R.Crim.P. 16(a)(1)(F) when the court did not base its evidentiary ruling on its review of the autopsy report.

opinions and the bases and reasons for those opinions. Information in records or reports may not sufficiently inform the defendant of the required information, preventing the defendant from fully preparing for the expert testimony.

[¶19] We conclude the district court abused its discretion when it overruled Doyle's objection to Dr. Miller's testimony without reviewing the autopsy report to determine if the report satisfied the requirements of N.D.R.Crim.P. 16(a)(1)(F).

IV

[¶20] The State argues its failure to provide the written expert summary did not prejudice Doyle because the State disclosed the autopsy report of Dr. Miller.

[¶21] During argument on an objection to Dr. Miller's testimony, Doyle made a record of how she was prejudiced by only receiving the autopsy report instead of an expert summary as required by the rule:

> THE COURT: Okay.
>
> Well, you have the—have the report. I'm not sure how you're going to be prejudiced by this testimony. I understand you're—
>
> [DEFENSE COUNSEL]: I'll explain—well—why I'll be prejudiced by the testimony. I have the report. The report says cause of death: battered child syndrome. It doesn't tell me what battered child syndrome is. It tells me that the manner of death is homicide. It doesn't tell me how or what—what led to the—to the finding of homicide. It had—the report of death and the—and the autopsy describe the condition of the body. Okay. It does not describe what lead this—this expert to the conclusion that this was a homicide and that the cause of death was homicide.
>
> THE COURT: Okay. Well, I'm going to let the witness testify. If you think the witness is going outside the scope of the report, you can make your objection at that time.

[¶22] Later during the trial, Doyle further explained why she was prejudiced by not having a summary of Dr. Miller's testimony:

> THE COURT: You got actually more than the summary, you got the whole report. But [I'm] not sure what's—

[DEFENSE COUNSEL]: Right.

THE COURT: —I'm not sure what's in that report that fits under the discovery rule.

[DEFENSE COUNSEL]: Right.

THE COURT: It has the—the opinions, apparently.

[DEFENSE COUNSEL]: No, it doesn't. It has conclusions. And it doesn't have a summary of testimony. Summary of testimony is going to be different than what's in an autopsy. It doesn't—it doesn't have, like, the linkage between the injuries that are described and the conditions that are described in the autopsy and the cause of death that was listed in the autopsy.

In this case in the autopsy the cause of death was listed as battered child syndrome. And there's no explanation of what battered child syndrome is. And there's no explanation of why the medical examiner came to that conclusion.

[¶23] In *State v. Lince,* 490 N.W.2d 476 (N.D. 1992), we reversed the judgment of conviction and remanded for a new trial when the State did not disclose expert witnesses it intended to call at the trial. The defendant argued he would be prejudiced if the experts testified because whether experts testify affects "trial strategy and trial tactics," because he would not "have an adequate opportunity to prepare for cross-examination" of the experts, and because he did not have an opportunity to obtain a rebuttal expert. *Id.* at 477. The State's failure to comply with Rule 16(a)(1)(F) similarly impeded Doyle's ability to prepare to defend against Dr. Miller's testimony. The autopsy report did not include Dr. Miller's qualifications. It likely also did not inform Doyle on what specific issues Dr. Miller would provide expert testimony or the bases and reasons for her expert opinions. Without the report, which is not part of the trial record and was not reviewed by the district court, we cannot conclude the State's disclosure of the autopsy report cured the State's noncompliance with Rule 16(a)(1)(F).

V

[¶24] "A district court's evidentiary error does not necessitate a reversal and remand for a new trial if the error was a 'harmless error.'" *State v. Sanchez,* 2023 ND 106, ¶ 12, 991 N.W.2d 71. Harmless error is an "error in admitting or excluding evidence" that does "not affect any party's substantial rights." N.D.R.Civ.P. 61. "If evidence was admitted in error,

7

this Court will consider the entire record and decide in light of all the evidence whether the error was so prejudicial the defendant's rights were affected and a different decision would have occurred absent the error." *Sanchez,* at ¶ 12 (quoting *State v. Doppler,* 2013 ND 54, ¶ 21, 828 N.W.2d 502). However, "[w]e need not and will not speculate whether giving timely disclosure of the State's witnesses, thereby allowing defense counsel a fair opportunity to defend against their testimony, would have resulted in a successful defense of the charges." *Lince,* 490 N.W.2d at 478; *cf. State v. Hager,* 271 N.W.2d 476, 484 (N.D. 1978) ("The United States Supreme Court has stated that in determining prejudice . . . it is not for the appellate court to speculate if defendant could have made effective use of the statement on cross-examination.").

[¶25]  The State does not argue the district court's error admitting Dr. Miller's testimony was harmless. Dr. Miller testified as to the child's cause and manner of death, which were contested issues. Dr. Miller's testimony informed the jury of one of the most important factual issues of the case. The testimony of Dr. Miller connected other evidence presented by the State to a finding of homicide and battered child syndrome. Therefore, the court's erroneous admission of the testimony of Dr. Miller was not harmless.

VI

[¶26]  We hold the district court abused its discretion by permitting the State's expert to testify when the State did not comply with N.D.R.Crim.P. 16(a)(1)(F). We reverse and remand.

[¶27]  Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

8