IN THE SUPREME COURT
STATE OF NORTH DAKOTA

## 2024 ND 235

Kevin Michael Hoff,                                    Petitioner and Appellant

v.

State of North Dakota,                                    Respondent and Appellee

### Nos. 20240158 & 20240159

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Tyler J. Morrow, Grand Forks, ND, for petitioner and appellant.

Frederick R. Fremgen, State's Attorney, Jamestown, ND, for respondent and appellee.

**Bahr, Justice.**

[¶1]   Kevin Hoff appeals from a district court judgment denying his application for postconviction relief and his N.D.R.Civ.P. 60(b) motion. On appeal, Hoff argues the court erred in denying his application for postconviction relief and Rule 60(b) motion. Specifically, Hoff argues the court erred in allowing witness testimony in violation of a sequestration request; erred in finding the application was barred by the two-year limitation; and erred in finding his ineffective assistance of counsel claim was barred by res judicata and misuse of process. We affirm the district court judgment.

I

[¶2]   In 2018, Hoff pled guilty to murder, a class AA felony. The district court sentenced Hoff to life without parole.

[¶3]   Since his conviction, Hoff has filed three applications for postconviction relief. In May 2020, acting without counsel, Hoff filed his first application claiming ineffective assistance of counsel and newly discovered evidence. With the assistance of counsel, Hoff filed an amended application abandoning the newly discovered evidence claim and advancing the argument his trial counsel failed to advise him of available defenses. The application was denied, and Hoff appealed. This Court affirmed. *See Hoff v. State*, 2022 ND 77, 973 N.W.2d 3.

[¶4]   Hoff filed a second application without counsel in December 2021. In the application, Hoff claimed his trial counsel incorrectly advised him the defense of others defense did not apply to his case. The State moved to dismiss the second application on the ground it was time barred by the two-year limitation and moved for summary disposition on grounds of res judicata and misuse of process. *See* N.D.C.C. §§ 29-32.1-01(2), 29-32.1-06(3), 29-32.1-12. Hoff contended his trial counsel's testimony from the first application constituted newly discovered evidence, which excepted his application from the two-year limitation. The State responded arguing the testimony was not a valid exception. In April 2022, the district court held a hearing on the State's motions. Hoff

testified he was diagnosed in November 2020 with a mental disease that precluded him from pursuing the defense of others defense. The court granted the State's motions and dismissed the second application, concluding Hoff did not meet an exception to the two-year limitation and his claim was barred by res judicata and misuse of process. Hoff did not appeal.

[¶5] In his third application, Hoff claimed mental disease excepted him from the two-year limitation, his trial counsel incorrectly advised him the defense of others defense was not applicable, and newly discovered evidence existed. Hoff moved under N.D.R.Civ.P. 60(b) to vacate the order denying his second application. The State moved to dismiss the application based on the two-year limitation and moved for summary disposition based on res judicata and misuse of process. The district court consolidated Hoff's Rule 60(b) motion with his third application for postconviction relief and held an evidentiary hearing. The court granted the State's motion to dismiss based on the two-year limitation, granted the State's motion for summary disposition based on res judicata and misuse of process, denied Hoff's application, and dismissed Hoff's Rule 60(b) motion.

II

[¶6] Hoff argues the district court abused its discretion in allowing witness testimony in violation of a sequestration order.

[¶7] This Court's review of a district court's evidentiary ruling is well-established:

> This Court reviews a district court's evidentiary ruling under an abuse of discretion standard. A district court has broad discretion on evidentiary matters, and we will not overturn its admission or exclusion of evidence on appeal unless that discretion has been abused. A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably, or when its decision is not the product of a rational mental process or if it misinterprets or misapplies the law.

*State v. Yousif*, 2022 ND 234, ¶ 5, 982 N.W.2d 870 (internal citations omitted).

2

[¶8]   During the State's cross-examination of Hoff, the district court informed the parties that a doctor appearing to testify electronically was in the waiting room. The court asked the parties whether the doctor should be sequestered. Hoff responded, "I would not move to sequester, your Honor." The court asked the State, "[D]o you want the doctor in at this time or do you want him sequestered?" The State responded, "Sequestered is best[.]" The court sequestered the doctor. After testimony from Hoff and the doctor, the State called another witness who was in the courtroom throughout the proceeding. Hoff objected, arguing the witness's testimony violates the sequestration order. The court explained the sequestration order was applicable only to the doctor, stated "there was no formal motion for sequestration[,]" and overruled the objection.

[¶9]   Rule 615, N.D.R.Ev., states, "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony, or the court may do so on its own." Hoff claims a sequestration request under Rule 615 is an all-or-nothing rule that requires *all* witnesses be sequestered.

[¶10] When interpreting rules, this Court applies principles of statutory construction. *State v. Welch*, 2019 ND 179, ¶ 7, 930 N.W.2d 615. Section 1-01-35, N.D.C.C., provides, "Words used in the singular number include the plural and words used in the plural number include the singular, except when a contrary intention plainly appears." Nothing in Rule 615 shows an intention that a party cannot request a single witness be sequestered. Thus, although Rule 615 uses the plural term "witnesses," the plural term "witnesses" is interpreted to include the singular term "witness."

[¶11] In this case, the State's comment "Sequestered is best" was in response to the district court's question, "[D]o you want the doctor in at this time or do you want him sequestered?" The State did not motion for *all* witnesses to be sequestered; the State only requested the doctor be sequestered, and the doctor was the only witness the court ordered sequestered.

[¶12] We conclude the sequestration order did not apply to all witnesses, and the district court did not abuse its discretion in allowing the witness to testify.

3

## III

[¶13] Postconviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure to the extent the rules do not conflict with the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1. *Vogt v. State*, 2022 ND 163, ¶ 5, 978 N.W.2d 727. "When we review a district court's decision in a post-conviction proceeding, questions of law are fully reviewable. The district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a)." *Id*.

## A

[¶14] Hoff identified one issue as "[w]hether the district court erred by denying [his] petition for post-conviction relief and Rule 60 Motion." In his statement of case, Hoff writes, "This is an appeal from the Stutsman County Order Denying Application for Post-Conviction Relief and Rule 60 Motion." He later notes he filed a Rule 60(b) motion on September 23, 2022. In his statement of facts, Hoff writes, "On January 30, 2024, a consolidated motion hearing was held addressing two matters, the Rule 60(b) Motion in 47-2021-CV-00712 and a Post-Conviction Relief Application in 47-2022-CV-00458, both filed by the petitioner."

[¶15] Other than identifying the issue and noting he filed the motion, Hoff's brief makes no further mention of his Rule 60(b) motion. Specifically, as to the district court's denial of Hoff's Rule 60(b) motion, Hoff's brief does not contain his "contentions and the reasons for them, with citations to the authorities" on which he relies, or "a concise statement of the applicable standard of review." N.D.R.App.P. 28(b)(7).

[¶16] Issues not briefed on appeal are waived. *See State v. Glaum*, 2024 ND 47, ¶ 42, 4 N.W.3d 540 ("When a party fails to provide supporting argument for an issue he is deemed to have waived that issue. This Court does not consider arguments that are not adequately articulated, supported, and briefed on appeal."); *see also Montana-Dakota Utils. Co. v. Behm*, 2020 ND 234, ¶ 11, 951 N.W.2d 208 ("We do not address inadequately briefed issues."). Because Hoff

4

did not brief whether the district court erred in denying his Rule 60(b) motion, Hoff waived the issue and we decline to address it.

B

[¶17] Hoff argues his postconviction relief application was not barred by the two-year limitation in N.D.C.C. § 29-32.1-01(2).

[¶18] Section 29-32.1-01(2), N.D.C.C., requires applications for postconviction relief to "be filed within two years of the date the conviction becomes final." The statute permits a court to consider an application that would otherwise be barred by the limitation period if "[t]he petitioner establishes that the petitioner suffered from a physical disability or mental disease that precluded timely assertion of the application for relief[.]" N.D.C.C. § 29-32.1-01(3)(a)(2).

[¶19] Hoff was originally sentenced on January 10, 2019. A notice of appeal from a criminal judgment must be filed within 30 days after the entry of judgment. N.D.R.Crim.P. 37(b). Hoff did not appeal, and his conviction became final on February 11, 2019.[1] Under N.D.C.C. § 29-32.1-01(2), Hoff could not file an application for postconviction relief after February 11, 2021. Hoff's third application was filed September 12, 2022. Absent an exception under N.D.C.C. § 29-32.1-01(3), Hoff's third application was barred by N.D.C.C. § 29-32.1-01(2).

[¶20] The district court thoroughly reviewed Hoff's actions and filings in the underlying case and subsequent proceedings, Hoff's evaluations, and the evidence and testimony. After doing so, the court held, "Hoff has demonstrated on several occasions that any physical disability or mental disease he may have does not preclude him from filing and serving legal pleadings[.]" The court explained Hoff, acting on his own behalf, filed court documents numerous times, including his first and second postconviction relief applications, responses to the State's motions, and appellate briefs. The court further noted Hoff testified and

---

[1] Hoff's conviction became final on Saturday, February 9, 2019. However, because this date falls on the weekend, the final conviction runs to the following Monday, February 11, 2019. *See* N.D.R.Crim.P. 45(a)(1)(c).

provided arguments on his own behalf. "Before, during, and after the murder," the court found, "Hoff demonstrated the ability to take bold action advocating for himself." The court determined Hoff failed to establish a physical disability or mental disease precluded timely assertion for relief in his postconviction relief application.

[¶21] We conclude the district court's findings are supported by the evidence and that the court did not err in holding Hoff did not demonstrate he meets the exception in N.D.C.C. § 29-32.1-01(3)(a)(2). We further conclude the court did not err in holding Hoff's third application for postconviction relief was precluded by the two-year limitation in N.D.C.C. § 29-32-01(2).

C

[¶22] Hoff argues the district court erred in holding res judicata and misuse of process apply to his ineffective assistance of counsel claim. Because we affirm the court's denial of Hoff's application on the ground it is precluded under N.D.C.C. § 29-32-01(2), it is unnecessary to address this aspect of the court's order and we decline to do so.

IV

[¶23] We have considered Hoff's other arguments and conclude they are unnecessary to our decision or are without merit. We affirm the district court's judgment denying Hoff's third application for postconviction relief and Rule 60(b) motion.

[¶24] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr