# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 205

Lawrence Alexander Harris,

Petitioner and Appellant

v.

State of North Dakota,

Respondent and Appellee

### No. 20250250

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Jason J. Hammes, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Dennis H. Ingold, Assistant State's Attorney, Bismarck, ND, for respondent and appellee.

**Crothers, Justice.**

[¶1]   Lawrence Harris appeals from a district court's order denying his application for postconviction relief. He claims he received ineffective assistance of counsel at trial. He also claims the State committed a *Brady* violation when it failed to disclose favorable evidence. We affirm.

I

[¶2]   The district court determined Harris failed to show his trial counsel's alleged errors would satisfy the prejudice requirement of the *Strickland* test. An applicant for postconviction relief must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Campbell v. State*, 2025 ND 152, ¶ 7, 25 N.W.3d. 781 (citing *Strickland v. Washington*, 466 U.S. 668, 688-90 (1984). The court's findings were not induced by a clearly erroneous view of the law and evidence exists to support the court's findings. We are not left with a definite and firm conviction a mistake has been made. We summarily affirm the district court's order denying Harris's ineffective assistance of counsel claim under N.D.R.App.P. 35.1(2).

[¶3]   Harris claims the State committed a *Brady* violation by failing to disclose the probation conditions of a witness in the case. The district court denied Harris's claim, finding no evidence showed the State suppressed the probation conditions. *See State v. Williams*, 2025 ND 46, ¶ 4, 17 N.W.3d 820 (explaining the elements to find a violation under *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

[¶4]   The State argues *Brady* claims are serious allegations of prosecutorial misconduct, and Harris waived the *Brady* argument through inadequate briefing and a lack of citation to the record. We agree.

[¶5]   Harris's brief identifies a single issue on appeal: "The district court erred by denying Mr. Harris' post-conviction relief." Upon searching his brief, one of the multiple unlabeled sub-issues is "Mr. Harris also argues the State committed a *Brady* violation by failing to disclose [a witness's] probation conditions." Our rules of appellate procedure require "a statement of the issues presented for review." N.D.R.App.P. 28(b)(4). The failure to comply with this requirement is grounds to deny further review. *State v. Noack*, 2007 ND 82, ¶ 9, 732 N.W.2d 389.

[¶6]   Rule 28(b)(7), N.D.R.App.P., also requires an appellant's brief contain the following minimal content regarding an issue:

> (7) the argument, which must contain:
>      (A) appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; and
>      (B) for each issue:
>           (i) a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
>           (ii) citation to the record showing that the issue was preserved for review; or a statement of grounds for seeking review of an issue not preserved;

Harris's one paragraph of *Brady* argument cites the *Brady* case and generically cites two pages of the district court's order denying postconviction relief. No other citations are made to the law, facts, or the court's order, despite the court having spent five paragraphs and nearly two full pages discussing the matter.

[¶7]   This Court's application of the *Brady* standard is well established:

> In *Brady*, the United States Supreme Court held that suppression by the prosecution of evidence favorable to an accused violates due process if the evidence is material to guilt or punishment. To establish a *Brady* violation, the defendant must prove: (1) the government possessed evidence favorable to the defendant; (2) the

defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability exists that the outcome of the proceedings would have been different if the evidence had been disclosed.

*Williams*, 2025 ND 46, ¶ 4. *Brady* claims are serious and can lead to professional discipline of the prosecutor involved in the case. *In re Disciplinary Action Against Feland*, 2012 ND 174, ¶ 14, 820 N.W.2d 672 (prosecutor's ethical obligation to disclose evidence under N.D.R. Prof. Conduct 3.8(d) is broader than the duty under *Brady* or N.D.R.Crim.P. 16).

[¶8]   Due to the serious nature of the claim, the appellant's briefing must at least meet minimum standards. Yet here Harris did not even identify *Brady's* four factors, much less apply them to the fact of this case to argue why he was alleging the district court erred. We will not address issues inadequately briefed:

> Issues not briefed on appeal are waived. *See State v. Glaum*, 2024 ND 47, ¶ 42, 4 N.W.3d 540 ("When a party fails to provide supporting argument for an issue he is deemed to have waived that issue. This Court does not consider arguments that are not adequately articulated, supported, and briefed on appeal."); *see also Montana-Dakota Utils. Co. v. Behm*, 2020 ND 234, ¶ 11, 951 N.W.2d 208 ("We do not address inadequately briefed issues.").

*Hoff v. State*, 2024 ND 235, ¶ 16, 14 N.W.3d 892. *See* N.D.R.App.P. 35.1(a)(8) (permitting summary disposition if the appellant's brief does not meet minimum requirements). Here, Harris failed to adequately articulate or support his *Brady* argument, and we therefore deem the issue waived.

III

[¶9]   The district court did not clearly err denying Harris's claim he received ineffective assistance of counsel at trial and we decline to review the *Brady* claim on its merits. The district court's order is affirmed.

[¶10] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr