# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 229

State of North Dakota,                                    Plaintiff and Appellee

  v.

Joe Luis Jenkins, Jr.,                                    Defendant and Appellant

### No. 20250308

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Jay D. Knudson, Judge.

AFFIRMED IN PART AND DISMISSED IN PART.

Opinion of the Court by McEvers, Justice.

Sarah W. Gereszek, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee; submitted on brief.

Joe L. Jenkins, Jr., self-represented, Grand Forks, ND, defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]   Joe Jenkins, Jr. appeals from a 2022 criminal judgment and 2025 orders denying his petition to seal the record and motion to reconsider the petition. We dismiss the appeal from the criminal judgment and affirm the orders denying sealing of the record.

I

[¶2]   The district court entered a criminal judgment on November 8, 2022. Jenkins filed his notice of appeal on August 27, 2025. "In a criminal case, a defendant's notice of appeal must be filed with the clerk of the supreme court within 30 days after the entry of the judgment or order being appealed." N.D.R.App.P. 4(b)(1)(A). "The timely filing of a notice of appeal is mandatory and jurisdictional, and cannot be waived by the appellate court." *State v. Benter*, 2025 ND 154, ¶ 3, 25 N.W.3d 800. Jenkins's appeal from the judgment is untimely. The appeal from the criminal judgment is dismissed for lack of jurisdiction.

II

[¶3]   Jenkins also appealed from orders denying his petition to seal the record and motion to reconsider. Under N.D.C.C. § 12-60.1-05(2), a defendant may petition the district court to close the record if the court entered an order of nonconviction; however, this provision does not apply if the dismissal resulted from a plea agreement involving a conviction on another offense. N.D.C.C. § 12-60.1-05(3)(a). Two of Jenkins's charges were dismissed as a result of a plea agreement involving conviction on other charges.

[¶4]   Jenkins made no argument in his brief articulating how the district court erred in denying either motion. We do not address issues that are inadequately briefed. *Harris v. State*, 2025 ND 205, ¶ 8; *see State v. Glaum*, 2024 ND 47, ¶ 42, 4 N.W.3d 540 ("When a party fails to provide supporting argument for an issue he is deemed to have waived that issue. This Court does not consider arguments that are not adequately articulated, supported, and briefed on appeal." (internal

citations omitted)). We deem Jenkins's issues regarding the orders denying his motions waived. We affirm the orders.

III

[¶5]   Jenkins also argues in his brief about alleged errors in a municipal case for which he has filed no notice of appeal. Without a timely notice of appeal, we have no jurisdiction and decline to address his arguments.

IV

[¶6]   We dismiss the appeal from the criminal judgment and affirm the orders denying sealing of the record.

[¶7]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr